# SIXTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 6D2025-0460
Lower Tribunal No. 2023-CF-007838

_____

STATE OF FLORIDA,

Appellant,

v.

DIXIE LEIGH BOUNDS,

Appellee.

_____

Appeal from the Circuit Court for Orange County.
John E. Jordan, Judge.

May 29, 2026

PER CURIAM.

AFFIRMED.  *See Wall v. State*, 333 So. 3d 348, 352 (Fla. 5th DCA 2023) ("Because the trial court could not determine that the evidence seized from Wall's purse would inevitably have been discovered, we find that the court erred in denying the motion to suppress."); *cf. White v. State*, 170 So. 3d 77 (Fla. 2d DCA 2015) (holding that inevitable discovery doctrine applied where defendant indicated he wanted to take his backpack with him to the jail).

WOZNIAK and BROWNLEE, JJ., concur.
PRATT, J., concurs specially.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED

PRATT, J., concurring.

I fully concur in the majority's decision. On this set of facts, the State did not meet its burden to show that the inevitable discovery doctrine applied pursuant to the inventory search rationale and the trial court therefore appropriately suppressed the contents of Appellee's satchel. *See generally Wall v. State*, 333 So. 3d 348, 351 (Fla. 5th DCA 2022) ("[The inevitable discovery] doctrine requires the State to establish by a preponderance of evidence that the police ultimately would have discovered the evidence independently of the improper police conduct by means of normal investigative measures that inevitably would have been set in motion as a matter of routine police procedure. There does not have to be an absolute certainty of discovery but rather a reasonable probability." (citations and internal quotation marks omitted)).

James Uthmeier, Attorney General, Tallahassee, and Kristen L. Davenport, Assistant Attorney General, Daytona Beach, for Appellant.

Adam Pollack, of Law Office of Adam L. Pollack, P.A., Orlando, for Appellee.